UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BRIAN N. WOODRING, )
)
Plaintiff, )
)
vs. ) Case No. 1:14-cv-165-JMS-DML
)
ROBERT BUGHER, et al., )
)
Defendants. )

**Order Regarding Defense of Failure to Exhaust Administrative Remedies**

This action is proceeding as to plaintiff Brian N. Wooding's claim that Robert Bugher, Assistant Religious Director David Liebel, Director of Classification James Wynn, Chaplain David Smith and Superintendent Wendy Knight either initiated or failed to stop Woodring's transfer from Correctional Industrial Facility to Pendleton Correctional Facility in retaliation for his participation in a 2011 contempt action. *See* dkt. 20. The defendants seek resolution of this action on the basis that Mr. Woodring failed to exhaust his available administrative remedies prior to filing suit as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA").

For the reasons explained below, the defendants' motion for summary judgment [dkt. 42] must be **denied.**

**Discussion**

The defendants contend that Mr. Woodring failed to comply with the exhaustion of administrative remedies requirement of the PLRA before filing this lawsuit. The failure to exhaust as required by the PLRA is an affirmative defense, *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir.

1

1999), and the defendants generally have the burden of pleading and proving that a plaintiff has not grieved the prison condition of which he complains. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). This affirmative defense must be resolved before reaching the merits of Mr. Woodring's claims. *Pavey v. Conley*, 528 F.3d 494, 498 (7th Cir. 2008); *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("The statute [requiring administrative exhaustion] can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit.").

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 126 S. Ct. 2378, 2385 (2006) (footnote omitted). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). However, a prisoner is only required to exhaust those remedies that are available to him. Whether Mr. Woodring used the grievance process at the Indiana Department of Corrections insofar as it was available to him is the relevant point of dispute here. A remedy becomes "unavailable" if prison employees do not respond to a properly filed grievance, *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002), or otherwise use affirmative misconduct to prevent a prisoner from exhausting. *Dole*, 438 F.3d at 809.

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg*, 346 F.3d 752, 755 (7th Cir. 2003) (*quoting* Fed. R. Civ. P. 56(c) and *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In this case, summary judgment is not appropriate because there are multiple material facts in dispute. First, it is unclear whether there was an administrative grievance process available to Mr. Wooding to grieve the alleged retaliatory transfer. The defendants' argue in their opening brief:

> [T]here's a question about whether a grievance could be filed in this instance. The Offender Grievance Process provides on page 6 that no grievance may be filed concerning "Classification actions or decisions, which include loss of a job, change in security level, facility transfers, and bed moves (a separate classification appeals process is in place for this purpose)." But the claim here isn't about the transfer but about retaliation, which is proven (he says) through the transfer. The alleged retaliation isn't within the Classification procedure, so it's doubtful that a classification appeal could be brought.

Dkt. 43 at p. 6. In other words, the defendants argue that a challenge to a transfer cannot be raised through the grievance process or as a classification appeal. It is hard to imagine why the defendants have persisted in pursuing the affirmative defense of exhaustion when they are unable to identify the prescribed administrative procedures with which the plaintiff did not comply. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (stating that strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies). If there is not a prescribed administrative process which Mr.

3

Woodring failed to follow then the defendants' cannot meet their burden of proof on their affirmative defense.[1]

Similarly, the Court cannot follow the defendants' reasoning when they suggest that "[w]hether the Grievance Process or Adult Offender Classification applies, the plaintiff didn't exhaust. He did not raise this issue through either procedure." Dkt. 43 at p. 6. To be successful, this argument would first require the defendants to show that the Grievance Process or the Adult Offender Classification process applied to Mr. Woodring's claim that he was being transferred in retaliation for filing a contempt action. No such showing has been made.

Second, there is a material fact in dispute regarding whether Mr. Woodring filed a classification appeal challenging his transfer from the Correctional Industrial Facility (CIF) to the Pendleton Correctional Facility claiming that the transfer was in retaliation for participating in a contempt proceeding in 2011. Mr. Woodring stated under penalty of perjury that he provided case work manager Leo Borst at CIF his Classification Appeal State Form 9260 on Wednesday, November 28, 2012. Mr. Woodring wrote in the appeal that he was being transferred by staff to punish him for filing a contempt action against the Department of Corrections over his Kosher diet. Case Work Manager Leo Borst directed Mr. Woodring to fill out another document to attach to his Classification Appeal stating why he could not be moved. Mr. Woodring never received his copies of his Classification Appeal. The classification appeal process is one step. See affidavit, dkt. 5-3, pages 17-21.

---

[1] Later, the defendants' state that a classification appeal not relevant to the claims in this case "shows that there is an appeals process for challenging inter-institutional transfers, although it doesn't help to clarify whether complaining about retaliation manifest in a transfer comes under the Grievance Process or the Classification procedure." Dkt. 43 at p. 7.

4

The defendants' argument in response to Mr. Woodring's claim that he filed a classification appeal is confusing. The defendants state that Mr. Woodring sent a letter to defendants' counsel stating that he exhausted through the grievance process and did not mention the classification process. This statement they argue, "recogniz[es] the proper way to exhaust." Dkt. 54 at p. 3. Again, there has been no evidence submitted which reflects that the inmate grievance process was available for Mr. Woodring to exhaust the claim raised in this civil action. Further, Mr. Woodring's statement in the letter to counsel listing his grievances and notice of tort claims could suggest that Mr. Woodring did not file a classification appeal (as defendants' counsel suggests), but Mr. Woodring's complaint states that he filled out a classification appeal and handed it to Leo Borst. Dkt. 1, page 10, ¶ 58. Thus, any suggestion that Mr. Woodring made up this new fact in response to the pending motion for summary judgment is frivolous.

Under these circumstances, the defendants are not entitled to summary judgment on their affirmative defense.

## Conclusion

Based on the evidence presented, material facts in dispute exist and the defendants' motion for summary judgment [dkt. 42] is **DENIED**. The defendants shall have **through December 22, 2014,** in which to report whether they withdraw the defense of failure to exhaust administrative remedies or whether they request an evidentiary hearing to resolve the factual disputes noted above.

**IT IS SO ORDERED.**

Date: __December 9, 2014__

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

BRIAN WOODRING
110925
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

All Electronically Registered Counsel